**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROBERT ANAYA,

      Petitioner - Appellant,

vs.

TIM LEMASTER, Warden, New
Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 99-2232
(D.C. No. CIV-97-829-M/DJS)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Anaya, an inmate appearing pro se and in forma pauperis, seeks to

appeal from the denial of his habeas petition, 28 U.S.C. § 2254. Mr. Anaya was

convicted of first-degree murder and aggravated burglary; he was sentenced to

life imprisonment plus a consecutive term of nine years, respectively. In his

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

habeas petition, he claimed ineffective assistance of counsel and error in the admission of prior bad acts evidence. Upon recommendation of the magistrate judge, the district court dismissed the petition with prejudice. On appeal, he contends that (1) counsel should have been appointed, and he should have been afforded discovery, expansion of the record, and hearings, and (2) application of current habeas law, specifically the AEDPA, constitutes a suspension of the writ.

Neither of these contentions has merit. The magistrate judge did not abuse his discretion in denying the appointment of counsel, discovery and an evidentiary hearing. See Swazo v. Wyoming Dep't of Corrections, 23 F.3d 332, 333 (10th Cir. 1994) (appointment of counsel in § 2254 proceeding is discretionary). The magistrate judge ordered the state to answer; the matters raised in the habeas petition were easily resolved on the basis of the record; no evidentiary hearing was required. See R. 8(a), Rules Governing § 2254 Cases.

Essentially, Mr. Anaya claims that trial counsel was ineffective for failing to (1) develop a diminished capacity defense based upon chemical impairment, and (2) request an instruction on diminished capacity that would support a defense that Mr. Anaya was incapable of forming the required specific intent. The defense did present some evidence of diminished capacity, but the New Mexico Supreme Court determined that defense counsel made a tactical choice not to pursue such an instruction because the evidence was weak and the defense

expert concluded that Mr. Anaya's intoxication did not affect his judgment. This resolution of the ineffective assistance of counsel claim is in accord with federal law and based upon a reasonable determination of the facts of the state court proceeding; accordingly, habeas relief is not warranted. See 28 U.S.C. § 2254(d)(1) & (2); Smallwood v. Gibson, 191 F.3d 1257, 1264-65 (10th Cir. 1999).

As to the claim concerning the prior bad acts evidence, we do not review state court evidentiary rulings on collateral attack unless they rendered the trial fundamentally unfair. See Duvall v. Reynolds, 139 F.3d 768, 787 (10th Cir. 1998). The New Mexico Supreme Court found no error in the admission of Mr. Anaya's threats against the victim; given this predicate, no relief is warranted on this claim.

Finally, Mr. Anaya's argument that AEDPA constitutes a suspension of the writ given the standards in § 2254(d) is rejected. See Mueller v. Angelone, 181 F.3d 557, 572-73 (4th Cir. 1999); Green v. French, 143 F.3d 865, 875-76 (4th Cir. 1998), cert. denied, 119 S.Ct. 844 (1999). We have considered the remaining claims in Mr. Anaya's submissions and find them without merit.


We DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge